THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-00081-D

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **MEMORANDUM AND** |
| AMERICAN CLAIMS and | ) | **RECOMMENDATION** |
| ANGIE GRADY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915.[1] Plaintiff's monthly expenses exceed his monthly income. Thus, the Court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed. However, notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

---

[1] The Court notes for the record that Plaintiff has filed four prior unrelated cases in this Court: 7:09-CV-56-BO (closed), 7:09-CV-170-BO (closed), 7:11-CV-4-BO (closed), and 7:11-CV-38-BR (open).

After careful review of Plaintiff's Complaint [DE-1-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, for the reasons that follow, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

Plaintiff has named as a defendant in this action insurance company American Claims.[2] According to Plaintiff, the action arises out of his involvement in an automobile accident with Raymond Seagle, who was driving a truck insured by American Claims. Plaintiff requests relief in the form of "compensatory damages, personal injury, incidental and consequential loses [sic], and statutory damages" in the total amount of $100,000. Compl. at 2-3 [DE-1-1]; Mot. Ex. 4 at 1 [DE-1-4].

Plaintiff has indicated in his complaint that he is asserting jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff does claim an amount in controversy over $75,000 and appears to have alleged that Defendant American Claims is an Illinois corporation. However, several other deficiencies are apparent in Plaintiff's complaint.

Plaintiff has provided for the Court's review a copy of what appears to be the accident report filed with regard to the accident giving rise to the instant action. *See* Mot. Ex. 2 at 3-4 [DE-1-2]. According to this report, both Plaintiff and Raymond Seagle were insured by insurance company Atlantic Casualty, and not Defendant American Claims. In light of this, the Court is troubled by the fact that Plaintiff has not attempted to explain what relationship Defendant American Claims might have to the facts giving rise to the instant action.

---

[2] It appears to the Court that Plaintiff may have also attempted to name as a defendant "Angie Grady, Claims Adjustor Claim #0110NC036010," though this is not reflected on the docket sheet at this time. However, whether or not she is a party would not affect the Court's decision and, therefore, the Court declines to further address the issue.

2

In addition, and more importantly, the accident report lists the date of the event as September 18, 2006, and the location as New Hanover County, North Carolina. The North Carolina statute of limitations for personal injury actions is three years. *See* N.C. Gen. Stat. § 1-52(16). As the events giving rise to this action appear to have occurred over four years ago, the statute of limitations has run. Plaintiff has evidently attempted to overcome this deficiency by suggesting that the Court apply Illinois law and has provided the Court with a print-out of a website which discusses the five-year Illinois "catch-all" statute of limitations. *See* Mot. Ex. 2 at 1-2. However, the events giving rise to the instant action occurred in North Carolina and Plaintiff has filed his complaint in a North Carolina court; therefore, no basis exists for the application of Illinois substantive or procedural law. Furthermore, the Court notes that, even if Illinois law were applicable in this case, the Illinois statute of limitations for personal injury actions is, in fact, shorter than North Carolina's, at only two years. *See* 735 Ill. Comp. Stat. 5/13‑202.

Therefore, the statute of limitations has run on Plaintiff's personal injury claim based on diversity jurisdiction, and Plaintiff has offered no other facts to the Court that would tend to suggest this deficiency could be overcome. Accordingly, the complaint fails to state a claim upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED**. However, the Court **RECOMMENDS** that the Complaint [DE-1-1] be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written

3

objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 12th day of May, 2011.

DAVID W. DANIEL
United States Magistrate Judge